Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| POWER SOLAR, LLC<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE BAYAMÓN<br><br>Recurrido<br><br>GLOBAL MECHANIC SERVICES, INC.; MAXISERVICE AL, INC.<br><br>Proponentes Agraciados | TA2026RA00209 | Revisión procedente de la Junta de Subastas del Municipio de Bayamón<br><br>Solicitud de Propuesta Núm.: SP-2025-26-14<br><br>Sobre: Impugnación de Adjudicación de Subasta |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2026.

Al adjudicar una Solicitud de Propuestas ("RFP"), el Municipio de Bayamón (el "Municipio") no consideró una propuesta por razón de que la licitadora no cumplió oportunamente con uno de los requisitos aplicables (pago de una cuota para ingresar a un registro municipal de licitadores). Según se explica en detalle a continuación, se confirma la determinación recurrida, pues del récord surge de forma incontrovertida la existencia y validez del requisito, el incumplimiento por la recurrente con el mismo, y la validez jurídica de la consecuencia impuesta por el Municipio.

I.

En marzo de 2026, el Municipio publicó un RFP (SP-2025-26-14, o el "RFP") con el fin de adquirir "sistemas de almacenamiento de energía portátil con recarga triple ... para el proyecto de resiliencia energética de interés social en el municipio de Bayamón".

El acto de apertura se realizó el 19 de marzo, día en que las partes interesadas sometieron sus propuestas.

El 17 de abril, la Junta de Subastas del Municipio (la "Junta") emitió una Resolución mediante la cual informó que había recibido cinco propuestas, las cuales fueron consideradas en una reunión celebrada el 7 de abril. En lo pertinente, se consignó que, a la fecha de la referida reunión, uno de los licitadores (*Power Solar*, o la "Recurrente") no había cumplido con el "plazo de diez días para la entrega del Registro de Licitador del Municipio de Bayamón, según lo establecido en el reglamento".

El 25 de abril, la Recurrente presentó el recurso que nos ocupa. Plantea que, el 19 de marzo, día de la apertura del RFP, el Municipio le había notificado que "no contaba aún con el Certificado de Elegibilidad y que la Junta le otorgaba diez días para completar el proceso de Registro de Licitadores" (el "Registro"). La Recurrente reconoce que, ese día, se le notificó por escrito que, dentro de 10 días, debía completar cierta documentación y, además, pagar una cuota anual de $250.00 (la "Cuota").

La Recurrente también admite que, al día siguiente (20 de marzo), una funcionaria del Municipio le recomendó que "pas[ara] por nuestra oficina para realizar el pago [de la Cuota]". Además, acepta que, el 24 de marzo, el Municipio le informó que los "métodos de pago en la alcaldía eran ATH, cheque de gerente, efectivo y *money orders*". La Recurrente expone que, el 27 de marzo (viernes), le indicó al Municipio que pagaría el lunes 30, y que el "Municipio respondió que estarían laborando lunes, martes y miércoles".

No obstante lo anterior, no hay controversia sobre el hecho de que, durante el plazo concedido (10 días), el cual expiró el **30 de marzo**, la Recurrente no pagó la Cuota.

Arguye la Recurrente que ciertas comunicaciones de una funcionaria municipal, del **9 de abril**, instando a la Recurrente a

pagar la Cuota "generaron una expectativa legítima de que el trámite ... había sido aceptado por el Municipio" y que su propuesta sería considerada en el contexto del RFP.

Cuatro días luego de presentado el recurso, el Municipio presentó su alegato en oposición[1]. Resolvemos.

II.

Los procedimientos de subasta y los requerimientos de propuestas están revestidos del más alto interés público. *Empresas Toledo, Inc. v. Junta de Subastas*, 168 DPR 771, 778 (2006). Tanto en los procedimientos de subasta, como en los RFPs, la agencia tiene que informar los parámetros que utilizará para la adjudicación del contrato, entiéndase los requerimientos, términos y condiciones y los factores que se tomarán en cuenta en la evaluación de las propuestas. *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 346 (2016).

El RFP se distingue de la subasta porque "permite la compra negociada y confiere a los licitadores la oportunidad de revisar y modificar sus ofertas antes de la adjudicación de la buena pro". *Íd.* Este mecanismo típicamente se utiliza cuando el gobierno necesita bienes y servicios especializados que involucran aspectos altamente complejos o cuando hay pocos competidores cualificados. *Íd.*; *Caribbean Communications v. Policía de PR*, 176 DPR 978, 996 (2009).

En Puerto Rico, no existe una ley especial que reglamente las subastas y los RFPs. La Ley de Procedimiento Administrativo Uniforme ("LPAU") expresamente excluye de su aplicación a los procedimientos informales de subasta. 3 LPRA secs. 9641, 9659, 9672. No obstante, reglamenta las etapas de reconsideración y

---

[1] El Municipio también nos solicitó que se considerara el caso de forma expedita en atención a que unos fondos federales a ser utilizados no estarían disponibles luego del 15 de mayo de 2026.

revisión judicial. *Íd.*; *Cotto v. Depto. De Educación*, 138 DPR 658, 662-663 (1995). Estas disposiciones han sido extendidas a los RFPs. *R&B Power v. ELA*, 170 DPR 606, 624-625 (2007). Como resultado, un licitador no agraciado tiene que esperar a la adjudicación final de la agencia para poder presentar una reconsideración o revisión judicial.

Ciertamente, en la adquisición de bienes y servicios especializados, las agencias, "con su vasta experiencia y especialización, se encuentra[n], de ordinario, en mejor posición que nosotros para determinar el mejor licitador". *Empresas Toledo*, 168 DPR a la pág. 779. Aunque se favorece la selección del licitador que ofrezca el menor costo, no hay una norma legislativa que obligue a las agencias a escoger al licitador más bajo. *Íd.*, a la pág. 782. Al momento de evaluar a los licitadores, la agencia debe procurar seleccionar al que esté mejor capacitado para proveer el bien o servicio en cuestión. *Íd.*

Precisamente por su experiencia y especialización, las agencias gozan de amplia discreción al momento de evaluar las propuestas sometidas ante su consideración. *Caribbean Communications*, 176 DPR a la pág. 1006. Los tribunales no deben sustituir el criterio de la agencia, a menos que se demuestre que la decisión fue arbitraria, caprichosa o que medió fraude o mala fe. *Íd.*; *Empresas Toledo*, 168 DPR a la pág. 783. En ausencia de estos, "ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la más ventajosa". *Caribbean Communications*, 176 DPR a la pág. 1006. Cuando la agencia decide rechazar la oferta más baja, el criterio a examinar será el de razonabilidad. *Íd.*

III.

Surge del Pliego de Especificaciones del RFP que "todo licitador tendrá un término de diez (10) días, contados a partir del Acto de Apertura para completar su proceso de inscripción" en el

Registro. Se consignó allí, además, que, "de no completar el proceso de inclusión o renovación en el Registro dentro del término establecido, su oferta o propuesta no podrá ser considerada para la adjudicación". Sección 2.1(2) del Pliego de Especificaciones del RFP; véase, además, Sección 4.6(2) del Pliego de Especificaciones del RFP.

Cuando la Recurrente presentó su propuesta (el 19 de marzo), no acompañó el referido certificado ni evidencia del pago de la Cuota. A raíz de ello, el mismo 19 de marzo, el Municipio le informó a la Recurrente, por correo electrónico, que la Junta le había concedido 10 días para completar dicho proceso (hasta el 30 de marzo, pues el 29 de marzo fue lunes).

Cuando la Junta se reunió para evaluar las propuestas (**7 de abril**), la Recurrente todavía no había pagado la Cuota, a pesar de que el término concedido había vencido el 30 de marzo (lunes). Por tanto, la Junta determinó no considerar la propuesta de la Recurrente.

Concluimos que no se ha demostrado que la Junta haya cometido error de derecho alguno. La norma es que una junta de subastas municipal puede descartar a un licitador que no cumpla con las condiciones incluidas en el pliego de especificaciones. Artículo 2.040 de la Ley 107-2020, 21 LPRA sec. 7216. Lo mismo dispone la reglamentación pertinente del Municipio. Véase Reglamento para la Administración Municipal de 2016, Reglamento Núm. 8873 de 19 de diciembre de 2016, Capítulo VIII, Parte II, Sección 11; véase, además, el Artículo II del Reglamento de Subastas del Municipio (estableciendo el "Registro de Licitadores", con carácter mandatorio, y disponiendo requisitos de ingreso, incluido el pago de la Cuota). De hecho, la norma es que si un licitador "no completa el proceso de inclusión o renovación del Registro" en el término de 10 días que la Junta debe concederle a dicho licitador,

"su oferta o propuesta podrá no ser considerada". Sección 5 del Reglamento de Subastas del Municipio.

Así pues, es claramente válido el requisito de pagar la Cuota e ingresar al Registro, antes de presentar una propuesta, o bien dentro del término de 10 días que la Junta debe conceder al licitador que, al someter la propuesta, no haya cumplido con el mismo. Este requisito fue adecuadamente, oportunamente y repetidamente comunicado a la Recurrente. El incumplimiento con este requisito válidamente podía ser razón para que, como ocurrió aquí, no se considerara la propuesta de un licitador.

A pesar de todo lo anterior, la Recurrente, por razones que no se explican, sencillamente optó por no pagar la Cuota en el término concedido. No tiene mérito la teoría de la Recurrente, pues descansa sobre cierta comunicación del Municipio, ocurrida 10 días luego de que expirara el término concedido para pagar la Cuota, y dos días luego de que la Junta se reuniese para evaluar las propuestas. Dado el momento en que ocurrió dicha comunicación, la Recurrente no puede sostener que, por haber descansado en dicha comunicación, dejó de cumplir oportunamente con el requisito de pagar la Cuota. De todas maneras, el efecto jurídico de no haber pagado la Cuota en el tiempo concedido (y establecido por reglamento) no depende, ni puede depender, de las representaciones de una empleada municipal al respecto.

Finalmente, resaltamos que la Recurrente no ofreció explicación alguna para su omisión de pagar oportunamente la Cuota. Aunque sostiene que intentó, sin éxito, pagar a través de una plataforma electrónica, la realidad es que, 10 días antes de que expirara el término, ya el Municipio le había recomendado que pagara de forma presencial, y seis días antes de la expiración del término, le había orientado sobre los métodos de pago aceptados.

En fin, es razonable, y compatible con la legislación y reglamentación aplicable, así como con los términos del RFP, la determinación del Municipio de no considerar a la Recurrente, por no haber cumplido oportunamente con el requisito reglamentario, contenido en el pliego de especificaciones del RFP, de completar el trámite de ingreso al Registro.   No se ha demostrado que la determinación recurrida sea arbitraria, caprichosa o contraria a derecho.

IV.

Por los fundamentos anteriormente expuestos, se confirma la determinación recurrida.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones